Zargary v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand eleven.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> J. GARVAN MURTHA,
> > *District Judge*.[*]

---

ELIZABETH ZARGARY, individually, as Guardian for Shamuel Nathan Zargary,
> *Plaintiff-Appellant*,

 -v.-                                                                                       No.    10-0681-cv

CITY OF NEW YORK,
> *Defendant-Appellee*

SAINT BARNABUS HOSPITAL, NEW YORK CITY HEALTH AND HOSPITALS CORPO-RATION, PAUL FAVOURS, JOHN OLIVERI, FOUR FEMALE CORRECTION OFFICERS, SIX MALE CORRECTION OFFICERS, JEFFREY PEREZ, VANN DUNN, DR., BRENDA ROSS, HARRY SHUMAN, EVELYN JEANNITON, JOHN UPADIAH, DR., JOHN

---

[*] The Honorable J. Garvan Murtha, Judge of the United States District Court for the District of Vermont, sitting by designation.

WACHTEL, DR., JOHN EDAWAY, DR., PATRICIA MORGESE, ERNESTO MARRERO, AL SPELLMAN, BENIVIEDO SANTIAGO, LILLIAN HARRISON, MICHELLE BROWN, *Defendants.*

---

ROBERT RAMBADADT, New York, York, *for Plaintiff-Appellant.*

MATTHEW D. INGBER (Michelle J. Annunziata *on the brief*) Mayer Brown LLP, New York, New York *for Defendant-Appellee.*

Appeal from the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the district court's Order dated April 20, 2009, directing that judgment be entered in favor of defendant-appellee the City of New York ("the City") and its Order dated January 26, 2010, denying a motion to modify, amend, or otherwise grant relief from that prior Order are AFFIRMED.

Plaintiff-Appellant Elizabeth Zargary ("Zargary") appeals from a judgment of the district court in favor of the City on Zargary's First Amendment claims stemming from her one-time incarceration at the Rose M. Singer Correctional Facility in New York. Specifically, Zargary's complaint alleges that the City's "custom or policy" of requiring all new prison inmates to be photographed without hats or other head coverings as part of its prisoner intake procedure violated her First Amendment rights insofar as it required her to briefly remove a headscarf she wears as part of her religious observance as an Orthodox Jew. The district court concluded, after a bench trial, that the policy as applied satisfied the well-established standard for constitutional challenges to prison rules or regulations. *See Turner v. Safely*, 482 U.S. 78, 90-91 (1978). It thus directed that judgment

be entered in favor of the City and denied Zargary's ensuing motion to amend, vacate, or otherwise grant relief from that judgment.

On appeal, Zargary raises three claims: first, she contends the district court erred in finding for the City in its April 20, 2009 Order; second, she contends the district court erred by denying her subsequent motion to amend, vacate or otherwise grant relief from that Order which, she contends, overlooked her "independent[ ]" claim that the City violated her rights by failing to provide her with access to an Orthodox rabbi at the time of her intake and photograph; finally, she contends the district court erred in finding, by Order dated May 13, 2008, that she had validly waived her jury right with respect to these claims. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and revisit those issues only as necessary to facilitate this discussion.

As a preliminary matter, we must determine which of these issues are properly before us on appeal. The City contends that because Zargary's notice of appeal, on its face, challenges only the district court's January 26, 2010 Order "denying Petitioner's motion pursuant to FRCP 59(a)(2), 60(b)(1), and 60(b)(6) to alter or amend the April 20, 2009 judgment," neither the April 20, 2009 Order itself—which contained the district court's findings of fact and conclusions of law after the bench trial— nor the May 13, 2008 Order is properly before this Court. We agree, in part.

Fed. R. App. P. 3 provides that a "notice of appeal must . . . designate the judgment, order, or part thereof being appealed," and, as we have previously explained, the rule is jurisdictional in nature. Accordingly, our appellate jurisdiction is limited to those issues properly noticed in accordance with Rule 3. *See New Phone Co. v. City of N.Y.*, 498 F.3d 127, 130 (2d Cir. 2007). However, because we "liberally construe[] [that] requirement," *Ametex Fabrics v. Just In Materials,*

*Inc.*, 140 F.3d 101, 106 (2d Cir. 1998), our law makes clear that a "notice of appeal from denial of a [Rule 59 or 60] motion . . . suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008). Accordingly, on these facts, we are satisfied that Zargary's notice of appeal is sufficient to bring before us both the January 29, 2010 Order and the "underlying" April 20, 2009 "order or judgment."

However, the notice of appeal makes no mention of the jury waiver or the district court's May 13, 2008 Order, which was not itself the subject of either the underlying April 20, 2009 decision or the subsequent motion for reconsideration thereof. We thus agree with defendant that this issue is not properly before us on appeal. *See generally Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995).

Proceeding to those issues that are properly before us, Zargary first contends the district court erred in finding for the City, after a bench trial, on what it viewed as Zargary's sole First Amendment claim. "In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001); *see also Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) (same). Here, Zargary challenges the district court's legal conclusion that the City policy, as applied to her, survives constitutional scrutiny because it is "reasonably related to legitimate penological interests." *Salahuddin v. Goord*, 467 F.3d 263, 274 (2d Cir. 2006) (internal quotation marks omitted).

It is well established that challenges to prison policies are evaluated under a "reasonableness test less restrictive than ordinarily applied to alleged infringements of fundamental constitutional

4

rights" so as to account for the unique considerations relevant to orderly prison administration.[1] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (internal quotation marks omitted). In applying that "reasonableness test," our inquiry is guided principally by four factors: (1) is there "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "are there alternative means of exercising the right [in question] that remain open to prison inmates"; (3) what "impact" will "accommodation of the asserted constitutional right [ ] have on guards and other inmates, and on the allocation of prison resources," and (4) are "ready alternatives" to the challenged prison policy available. *Turner*, 482 U.S. at 89-91.

*De novo* review of the record below and the *Turner* factors satisfies us that the policy in question passes constitutional muster. Specifically, we conclude for substantially the reasons set forth by the district court that the policy is reasonably related to the City's unassailable interests in identifying prisoners and maintaining prison and prisoner safety and security. *Cf. Fromer v. Scully*, 874 F.2d 69, 76 (2d Cir. 1989) (affirming prison policy requiring new inmates to keep beards at a length of less than one inch, finding a "logical . . . connection between beard length and ease of identification of facial features"). We reject Zargary's contention on appeal that "ready alternatives" to the challenged policy exist which render it unreasonable, principally because she fails to identify any such "obvious, easy alternatives" that could accomplish the same ends "at *de minimis* cost to valid penological interests." *Id.* (internal quotation marks and ellipsis omitted). Moreover, even assuming alternatives exist, we reiterate that the prevailing standard does not amount to a "least

---

[1] The district court concluded that "because the events at issue in this case preceded the enactment of [the Religious Land Use and Institutionalized Persons Act, known as] "RLUIPA, application of that statute's standard would be incorrect as a matter of law." *Zargary v. City of N.Y.*, 607 F. Supp. 2d 609, 612 (S.D.N.Y. 2009). Neither party contests this conclusion on appeal.

restrictive means test" and accordingly "prison officials do not have to set up and then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint." *Turner*, 482 U.S. at 90-91. Consistent with the district court, therefore, we conclude that the challenged policy satisfies constitutional muster.

Zargary next challenges the district court's denial of her motion to vacate, amend, or otherwise grant relief from the April 20, 2009 Order. Before the district court, she sought such relief on the ground that the April 20, 2009 Order failed to evaluate, as an independent First Amendment claim, her allegation that the City violated her rights by failing to provide access to an Orthodox rabbi at the time of her intake. The district court rejected that argument, finding that "[i]t has never been plaintiff's claim . . . that her rights . . . were independently violated by the City because she was unable to speak with a rabbi on the night in question," and further that "[e]ven if plaintiff had advanced an independent claim" based on access to the rabbi, "that claim would have failed on the merits." Before this court, she challenges those findings as erroneous.

We review the denial of a motion for reconsideration for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). We see no such abuse on these facts. To the contrary, we note that the district court was intimately familiar with the claims and issues in this case, and that its primary finding—i.e, that Zargary "never" advanced a "claim . . . that her rights . . . were independently violated by the City because she was unable to speak with a rabbi"—was informed by the nearly seven years it spent supervising the development of this case, during which time it resolved two summary judgment motions and heard a bench trial. Zargary identifies no basis in this record for disturbing that finding, let alone for concluding that the district court abused its discretion in reaching it.

To the extent Zargary raises any other arguments, we have considered them and reject them

as meritless.  Accordingly, we AFFIRM the judgment of district court

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk